Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LLOYDS ASCOT SYNDICATE 1414 a/s/o
LIFETIME BRANDS, INC.

      Plaintiff,　　　　　　　　　　　　　　　　23 Civ.

  - against –
　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

EVERGREEN MARINE (HONG KONG) LTD.
d/b/a EVERGREEN LINE

      Defendant.
----------------------------------------------------------X

    Plaintiff, Lloyds Ascot Syndicate 1414 a/s/o Lifetime Brands, Inc. by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the Evergreen bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

### PARTIES

    2.    At all material times, Lloyds Ascot Syndicate 1414 (hereinafter "Ascot" or "Plaintiff") was and is a corporation or other business entity with a place of business located at

One Lime Street, London, England, and is the subrogated underwriter of the consignment of Kitchen Tools which is the subject matter of this litigation, as more specifically described below.

3.      At all material times, Lifetime Brands, Inc., (hereinafter "Lifetime Brands" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1000 Stewart Ave, Garden City, NY 11530 and was the owner and consignee of a consignment of Kitchen Tools, as more specifically described below.

4.      At all material times, defendant, EVERGREEN MARINE (HONG KONG) LTD. d/b/a Evergreen Line (hereinafter "Evergreen" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at One Evertrust Plaza # 6, Jersey City, NJ 07302, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.      In or about March 2022 cargo shipper Yangjiang Yuzhong Daily Articles Co., Ltd. contracted with defendant Evergreen to transport a 10 container loads of Kitchen Tools from China to USA and to deliver same to its customer, Lifetime Brands.

7.      On or about March 15, 2022, a total of 10 container loads of Kitchen Tools, including 2,255 cartons Kitchen Tools laden in container TRHU 7095120 , then being in good order and condition, was delivered to Evergreen, and/or their agents in Yantian, China by the cargo shipper. The cargo was booked for transit on board the M/V TITAN in Yantian destined for

Robbinsville, New Jersey via the Port of New York, all in consideration of an agreed upon freight, pursuant to Evergreen bill of lading no. 149116690363, dated March 15, 2022.

8. Thereafter the cargo was loaded on board the M/V TITAN on or about March 15, 2022, the aforementioned bill of lading was issued, and the vessel sailed for her intended destination.

9. In or about April 18, 2022 the vessel arrived at the port of New York and commenced container discharge operations.

10. While container TRHU 7095120 was in the process of being discharged, it was dropped from height onto the terminal causing the cargo contained therein to be a constructive total loss.

11. As a result of the foregoing, the consignment was not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendants' care, custody and control and was determined to be a constructive total loss.

12. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, and breach of contract of carriage, on the part of the defendant and/or its agents.

13. Damages are currently estimated to be no less than $162,428.51.

14. As a result of the foregoing, Lifetime Brands suffered damages in the amount of no less than $162,428.51.

15. At all times relevant hereto, a contract of insurance for property damage was in effect between Lifetime Brands and Ascot, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Kitchen Tools.

16. Pursuant to the aforementioned contract of insurance between Lifetime Brands and Ascot, monies have been expended on behalf of Lifetime Brands to the detriment of Ascot due to the damages sustained during transit.

17. As Ascot has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Ascot has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

18. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $162,438.51.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

21. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

22. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $162,438.51.

23. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $162,438.51.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $162,438.51 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 13, 2023
176-76

By: *Martin Casey*

**CASEY & BARNETT, LLC**
Attorneys for Plaintiff

Martin F. Casey
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225